Citation Nr: 1550115 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 09-29 351 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to service connection for an acquired psychiatric disability, to include anxiety and depression disorders, and a disability manifested by disturbance of sleep. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

Kimberly A. Mitchell, Associate Counsel


INTRODUCTION

The Veteran served on active duty from May 1965 to November 1965 (6 months, 13 days).

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office in Muskogee, Oklahoma. In January 2012, the Board reopened and remanded the issue for further evidentiary development. The issue was again remanded in May 2014 for a VA examination.

In March 2011, the Veteran had a hearing before the undersigned judge via a Travel Board and a transcript of that hearing is of record. 

The Board notes that in April 2014, the Veteran submitted a claim for non-service connected pension. To date, it appears that the RO has not yet issued a rating decision addressing the pension claim. Therefore, that issue is referred to the RO for consideration. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although further delay is regrettable, the Board finds that additional development is necessary prior to appellate review. No psychiatric disorder was noted at the time pf the Veteran's April 1965 service induction examination. A psychiatric disorder was diagnosed after the Veteran's induction. The Veteran was discharged in November 1965, after slightly more than 6 months of service.

An initial claim for service connection for a psychiatric disability was denied. During the pendency of this claim, the Board reopened the claim on the merits. The Veteran contends that he is entitled to the presumption of soundness at entry into service, since no psychiatric disorder was diagnosed at entry. VA has denied the claim on the merits, on the basis that it is "clear" that the psychiatric disability pre-existed the Veteran's service, even though no psychiatric disability was noted at the time of the Veteran's entrance examination. Unfortunately, the burden of proof is whether there is "clear and unmistakable" evidence that the psychiatric disability pre-existed the Veteran's service. Because this burden of proof is on VA, not that Veteran, the examiner must be asked to clarify whether the proof that psychiatric disability pre-existed service is both "clear" and "unmistakable."

The presumption of soundness cannot be rebutted by VA unless the evidence shows both clear and unmistakable evidence that the Veteran's disease or injury pre-existed service, and there is clear and unmistakable evidence that the pre-existing disability was not aggravated by service. 38 U.S.C.A. § 1111 (West 2014). Unfortunately, the examiner stated that it was less than likely that the Veteran's service aggravated the pre-existing psychiatric disability. This language partially addresses the question the Board must answer to complete appellate review, but, as the burden of proof is on VA here, this partial answer is not sufficient for completion of appellate review. On remand, an addendum opinion must be requested to more specifically state whether it is "clear and unmistakable" that preexisting psychiatric disability was not permanently aggravated during the Veteran's 6 months, 13 days of service. 

Accordingly, the case is REMANDED for the following action:

1. Return the claims file, to include a copy of this remand, to the VA examiner who conducted June 2014 VA examination for an addendum opinion. If the examiner who drafted the June 2014 opinion is unavailable, the opinion should be rendered by another appropriate medical professional. The need for another examination is left to the discretion of the medical professional offering the addendum opinion. 

The claims file and a copy of this Remand must be made available to the reviewing examiner, and the examiner shall indicate in the addendum report that the claims file was reviewed. 

Following a review of the claims file, the reviewer/examiner is requested to provide an opinion addressing the following:

(a) Did the Veteran's in-service reports of a history of "nervous trouble" during his September 1965 in-service psychiatric evaluation provide clear and unmistakable evidence that the Veteran's psychiatric disability existed prior to his entry into service, under the circumstances, even though that disability was not noted/diagnosed on induction examination? 

(b) If the Veteran's psychiatric disability clearly and unmistakably existed prior to military service, the reviewer/examiner must provide a further opinion. Is there clear and unmistakable evidence that the Veteran's pre-existing psychiatric disability was not aggravated by in-service injury or as a result of any incident of service? 

Clear and unmistakable evidence means evidence that is undebatable. If the examiner concludes that there could be debate or a difference of opinion as to whether the pre-existing disability preexisted the Veteran's service, or was permanently aggravated in service, the examiner should describe why the evidence could be considered debatable. 

2. After completing the above action, and any other notification or development deemed necessary, the claim of entitlement to service connection for an acquired psychiatric disorder, to include anxiety and depressive disorders, and/or a disorder manifested by disturbance of sleep, should be readjudicated. If the claim remains denied, a supplemental statement of the case (SSOC) should be provided to the Veteran and his representative. After the Veteran has been afforded adequate response time, this issue should be returned to the Board for further appellate review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
Tresa M. Schlecht
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).